IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANSON CHI,<br>            Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>            Defendant. | C.A. No. 22- 4 Erie<br><br>District Judge Susan Paradise Baxter<br>Magistrate Judge Richard A. Lanzillo |

## MEMORANDUM ORDER

On January 13, 2023, this Court issued a Memorandum Order [ECF No. 12] dismissing this case for Plaintiff's failure to prosecute, due to his steadfast refusal to comply with the Court's Orders to provide a signed Authorization form in support of his motion to proceed *in forma pauperis*. Now before the Court is Plaintiff's motion for reconsideration pursuant to Rule 59(e) to alter or amend the judgment [ECF No. 13].

The purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir.1999). A motion for reconsideration under Federal Rule of Civil Procedure 59(e) must therefore rely on one of three grounds: (1) an intervening change in the law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice. N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995). A motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it has already rightly or wrongly made. Williams v. Pittsburgh, 32 F.Supp.2d 236, 238 (W.D. Pa. 1998). Litigants are cautioned to "'evaluate whether what may seem to be a clear error of law is

in fact simply a point of disagreement between the Court and the litigant.'" Waye v. First Citizen's Nat'l Bank, 846 F.Supp. 310, 314 n.3 (M.D. Pa. 1994), quoting Atkins v. Marathon LeTourneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990). Motions for reconsideration should not relitigate issues already resolved by the court and should not be used to advance additional arguments which could have been made by the movant before judgment. Reich v. Compton, 834 F.Supp. 753, 755 (E.D.Pa. 1993) *aff'd in part, rev'd in part*, 57 F.3d 270 (3d Cir. 1995).

Here, Plaintiff's sole objection to this Court's Order of January 13, 2023, is that the undersigned "distorted and misstated [Plaintiff's] second objection [to Judge Lanzillo's R&R] in toto."[1] The second objection to which Plaintiff refers was raised by Plaintiff under the heading, "The government failed to respond at all, but this district court completely allowed it." (ECF No. 11, at pp. 2-3). Under this heading, Plaintiff argued that, in a separate action filed by Plaintiff at Civil Action No. 1:22-cv-152, which was also before Judge Lanzillo, "the Government had failed to respond and failed to do anything," yet Judge Lanzillo "completely ignored [Plaintiff's] amicable notifications and is still allowing the Government not to respond." (Id. at pp. 3-4). Plaintiff then continued by asserting, "Not coincidentally, Lanzillo is friends with the defendant in this Case No. 1:22CV04, and Lanzillo also works for the defendant in this Case No. 1:22CV04. Ergo, Lanzillo is biased and prejudicial towards [Plaintiff]. Lanzillo is also a hypocrite for allowing the government not to respond at all." (Id. at p. 4) (emphasis in original).

Given the circular reasoning apparently employed by Plaintiff, the Court interpreted the foregoing objection to state Plaintiff's belief that Judge Lanzillo disregarded the Defendant's failure to respond to the complaint in this case just as he did in Plaintiff's other action at 1:22-cv-

---

[1] The remainder of Plaintiff's motion merely casts aspersions at the Court, which do nothing to aid Plaintiff's cause.

152. Evidently, the Court was mistaken. Nonetheless, this misunderstanding of Plaintiff's second objection to Judge Lanzillo's R&R does not, in any way, constitute a "manifest error of law or fact" warranting reconsideration of the Court's judgment in this case. In fact, the apparent misstatement by the Court had absolutely no bearing on the Court's ultimate conclusion that Plaintiff failed to comply with numerous Orders of the Court to take all steps necessary to prosecute this action. As a result, Plaintiff's motion for relief pursuant to Rule 59(e) will be denied.

AND NOW, this 26th day of April, 2023;

IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration [ECF No. 13] of this Court's Order dismissing this case for Plaintiff's failure to prosecute [ECF No. 12] is DENIED.

SUSAN PARADISE BAXTER
United States District Judge

cc: The Honorable Richard A. Lanzillo
U.S. Magistrate Judge

all parties of record